EDWIN H. COOPER *vs.* CECO MANUFACTURING CO.

JULY 6, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

SWEENEY, J. This case is before the court on defendant's exceptions after verdict of the jury in the Superior Court for the plaintiff.

The first exception considered is the one to the decision of the court overruling the demurrer to the declaration.

The declaration alleged that defendant was engaged in the business of manufacturing radio tubes; that it was desirous of obtaining a license to use in manufacturing its tubes, certain features which were covered by patents owned or controlled by the Radio Corporation of America; that defendant engaged plaintiff to enter into negotiations with said R. C. A. for the purpose of obtaining a license upon terms which would be satisfactory to defendant; that defendant agreed to assist in procuring the desired license and that defendant agreed that if the desired license were procured it would pay plaintiff $5,000 for his services, together with the necessary expenses incurred in his negotiations. Plaintiff averred that he opened up negotiations with the R. C. A. to procure a license for the defendant and was assisted in his work by certain officers of the defendant and that a license satisfactory to defendant was granted by said R. C. A. whereupon the $5,000 promised to him became due and payable. Defendant demurred to the declaration on the ground that the contract was void as a wagering contract. The demurrer was overruled in the Superior Court. There was no error in this ruling for none of the essential elements of a wagering contract appear in this declaration. *Winward* v. *Lincoln*, 23 R. I. 476, 492.

Defendant's exceptions to the refusal of the trial justice to grant its motion for a directed verdict and to grant its motion for a new trial on the grounds that the verdict was against the law and the weight of the evidence will be considered together as these exceptions require a consideration of all the evidence.

The issue of fact in this case is the exact terms of an oral contract made in August, 1928, by the plaintiff with the defendant, acting through its officers Mr. Egnatoff and Mr. Kauer. The facts existing at the time the contract was made are that defendant was engaged in manufacturing radio tubes and supplies in the city of Providence; that plaintiff was acting as defendant's salesman and lived at Newton, Massachusetts; that the R. C. A. had an office in

New York City and owned or controlled about 80% of the patents covering radio tubes; that defendant had expended about $40,000 in defending suits for alleged infringement of patents owned by the R. C. A.; that Mr. Egnatoff thought it would be for the advantage of the defendant to settle this litigation and secure a license from the R. C. A. to manufacture tubes under its patents; that it was known to Mr. Egnatoff and Mr. Kauer that plaintiff knew some of the officers of the R. C. A., particularly Capt. Angus, who was supposed to have charge of the licensing department of the R. C. A. Under these circumstances, plaintiff was requested by Mr. Egnatoff to come to Providence in August, 1928.

Plaintiff testified that the matter of a license from the R. C. A. was talked over with Mr. Egnatoff and he requested plaintiff to go to New York and "contact" the R. C. A. and find out their feeling about granting tube licenses and that Mr. Egnatoff said if defendant were successful in getting a license to manufacture radio tubes from the R. C. A. plaintiff would be paid $5,000 and his expenses.

Plaintiff testified that he went to New York and found the situation difficult on account of the litigation pending against defendant; that he met Capt. Angus and other officers of the R. C. A. and made arrangements for a meeting between them and Mr. Egnatoff and Mr. Kauer in New York; that the meeting was held as agreed and a discussion was had about the proposed license; that at the request of Mr. Egnatoff plaintiff again came to Providence and was given a paper stating the terms of a license which Mr. Egnatoff desired to obtain; that plaintiff presented these terms to Capt. Angus and he said he would come to Providence and talk the matter over with Mr. Egnatoff.

It appears that Mr. Egnatoff sold his stock in the defendant company and retired from its management about November 20 and was succeeded by Mr. Kauer. Plaintiff testified that he talked with Mr. Kauer after he became president and asked if his agreement with defendant held

and Mr. Kauer replied: "Yes, it does at $5,000"; that Mr. Kauer told him the terms of a license he wanted from the R. C. A. and said he would not consider the terms proposed by Mr. Egnatoff; that November 30 Mr. Kauer gave plaintiff a memorandum stating the number of tubes he desired to be authorized to manufacture under the proposed license from the R. C. A. Plaintiff testified that he communicated this information by night letter to Capt. Angus who replied by letter dated December 3. Plaintiff further testified that on January 2, he came to Providence and met Mr. Kauer and received instructions to go to New York and see the R. C. A. about the matter of the license but not to commit the company; that he went to New York and called on Capt. Angus and found they were making progress in the matter of the licenses to be issued; that in March, while in New York, he was informed by telephone from Capt. Angus that the matter was progressing and that he reported this conversation to Mr. Kauer and that Mr. Kauer replied: "We are building our new factory and will let you know when to proceed;" that the next thing plaintiff heard was that the license had been granted and that when he asked Mr. Kauer to pay the $5,000 he said to "go and claim it from the fellow who hired you." Plaintiff testified as to his expenses when in New York on defendant's matters and said that he spent from fifteen to eighteen days trying to get the license and that he came to Providence from his home in Newton about twelve times.

Plaintiff called Mr. Egnatoff as a witness and he corroborated plaintiff's testimony in all matters within his knowledge.

Mr. Kauer was called as a witness by defendant. He testified that he and Mr. Egnatoff called plaintiff to Providence and asked him if he could obtain a license from the R. C. A.; that Mr. Egnatoff made a proposition to pay plaintiff $200 for expenses and $5,000 in the event that he could get a license immediately and that plaintiff said he

felt quite sure he could get the license on account of his acquaintance with Capt. Angus and other people in the Army. Mr. Kauer also testified that, after he became president of defendant, plaintiff asked what he should do regarding his previous agreement with defendant and the witness replied that if plaintiff got a license for defendant based on a quota of five million tubes yearly the agreement would stand. He also testified that in January, 1929, he received a letter from plaintiff in which plaintiff said: "You will admit I spent a lot of time and got the thing Egnatoff wanted." Mr. Kauer further testified that plaintiff never procured the desired license and that March 15, defendant's attorney and another influential gentleman were asked to help in the matter and subsequently the license was granted to defendant.

The conflicting testimony as to the terms of the agreement made by the plaintiff with defendant's treasurer created a material issue of fact for determination by the jury. Therefore, there was no error in the denial of defendant's motion for a directed verdict. The issues presented by the testimony were submitted to the jury by a charge from the trial justice to which there was no exception. The jury decided the issues in favor of the plaintiff. In deciding the motion for a new trial, the trial justice wrote a rescript in which he summarized the testimony and concluded by saying: "The verdict is for the amount agreed upon. It is not against the evidence or the weight thereof."

The testimony for the plaintiff as to the terms of the contract was corroborated by that of Mr. Egnatoff who made the contract for defendant. The weight to be given to the testimony of this witness, as well as that of the other witnesses, was a matter for the jury in the first instance and later for the trial justice. There is nothing inherently improbable in the testimony of the plaintiff or of Mr. Egnatoff. Defendant had been engaged in costly litigation with the R. C. A. and the establishment of a friendly contact with the representatives of the R. C. A. was an

important matter for defendant. Defendant's officers knew that plaintiff was on friendly terms with some of the officers of the R. C. A. Plaintiff introduced defendant's agents, Egnatoff and Kauer, to Capt. Angus and other representatives of the R. C. A. and opened up negotiations relative to the granting of the desired license. Mr. Kauer admits that plaintiff was promised $5,000 if he obtained the license for defendant. We have read the evidence and find no error in the decision of the trial justice denying the motion for a new trial.

Defendant urges its exception to the admission of a letter from Capt. Angus to plaintiff in which he acknowledged receipt of a telegram on November 30 from plaintiff. The letter stated that Capt. Angus would get in touch with plaintiff when the terms of a general license were ready. Defendant contends this letter was inadmissible because no notice of plaintiff's intention to offer it in evidence had been given to defendant as required by rule 32 of the Superior Court. This rule provides that certain papers shall not be used in evidence unless notice shall have been given to the opposite party, except as the court may order otherwise. The trial justice admitted the letter because it appeared that defendant had several days notice of its existence when it was offered for identification at the taking of the deposition of Capt. Angus. Defendant's attorney had an opportunity to read the letter at this time. In these circumstances we find there was no abuse of judicial discretion in the admittance of the letter in evidence.

Defendant urges two exceptions to the refusal of the trial justice to permit two questions to be asked of Capt. Angus. The questions were improper as they called for the opinion of the witness as to the effect of the work done by the plaintiff in securing the license granted by the R. C. A. to the defendant. Defendant urges its exception to the refusal of the court to charge as requested. The court said: "I am requested to instruct you that the plaintiff, Major Cooper, didn't procure this license, that there is no evidence

to support that proposition. And I am going to refuse that instruction as requested. I am going to say that whether his efforts had anything to do with the eventual procuring of the license is one of the things which you may consider in the jury room." We find no error in the qualification of the request to charge. The letter from Capt. Angus to plaintiff dated November 30, in which he said that he would get in touch with plaintiff when the terms of the general license were ready and plaintiff's other interviews, both personal and by telephone with the agents of the R. C. A., were competent evidence to be considered by the jury in deciding whether plaintiff had anything to do with defendant's eventually procuring the license.

The other exceptions urged by defendant have been considered and found to be without merit.

All of the defendant's exceptions are overruled. The case is remitted to the Superior Court with direction to enter judgment on the verdict.

*Knauer & Fowler*, for plaintiff.

*Hinckley, Allen, Tillinghast, Phillips, and Wheeler, Frederick W. Tillinghast, Harold A. Andrews, S. Everett Wilkins, Jr.*, for defendant.